## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| JEAN M. KING,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATE of AMERICA; USDA<br>SECRETARY OF AGRICULTURE,<br>MICHAEL O. JOHANNS, in his official<br>capacity<br><br>　　　　　　Defendant. | No. C.V._____<br><br><br>**COMPLAINT** |

**COME NOW** the Plaintiff, Jean M. King, by and through her undersigned attorney,

Charles Gribble, and for her causes of action states the following:

　　　　1.　　　This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e et seq, the Iowa Civil Rights Act, and The Age Discrimination in Employment Act, 29

U.S.C § 623, challenging discrimination based on age.

　　　　2.　　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and the

Court's pendent claim jurisdiction under 28 U.S.C. § 1367(a).

　　　　3.　　　Venue is appropriate in this District under 28 U.S.C. § 1391(b) and (c).

　　　　4.　　　Plaintiff, Jean M. King, is a 54- year- old female citizen of the United States

and a resident of Le Mars, Plymouth County, Iowa.

　　　　5.　　　Defendant, USDA is a federal agency with an office in Le Mars, Plymouth

County, Iowa.

　　　　6.　　　Defendant, Secretary of Agriculture, is located in Washington D.C.

## PROCEDURAL REQUIREMENTS

7.     On or about March 8, 2005 Ms. King contacted the USDA Rural Development Civil Rights Staff regarding her age discrimination claim.

8.     On or about May 3, 2005 EEO Counselor Matthew L. Miller notified Ms. King of her right to file a formal discrimination complaint with the Department of Agriculture.

9.     On or about May 14, 2005, within 180 days of the discriminatory act of which she complains, Ms. King filed charges of age discrimination against Defendants with the Department of Agriculture and EEO.

10.     As of November 9, 2005, 180 days have passed since the filing of the Complaint with the Department of Agriculture with no agency action, allowing Ms. King to file this Complaint.

## FACTUAL BACKGROUND

11.     Plaintiff, Jean M. King, is a 54-year-old female and enjoyed protection from employment discrimination on the grounds of her age by Iowa and federal law.

12.     Plaintiff, Ms. King, a Single Family Housing Technician, has been employed by Defendant since July 1987, in Le Mars, Iowa.

13.     Ms. King has worked in all aspects of the Rural Development Single Family Housing loan programs for more than 18 years.  During that time period she has developed considerable knowledge of the Single Family Housing loan policies, relevant laws and regulations, and established procedures.  Further she possesses demonstrated skills in the areas of loan making and servicing, deeds, liens, titles, and other legal instruments.

14.     David A. Dunfee was the Area Director for the Defendant, USDA, Rural Development, and acted at all times material herein within the scope of his employment

2

and/or agency as Ms. King's supervisor.

15.     Mr. Dunfee took part in the selection of the individual to fill the Single Family Housing Specialist position.

16.     Daniel Brown was the State Director for the Defendant, USDA, Rural Development, and acted at all times material herein within the scope of his employment and/or agency as Ms. King's Supervisor.

17.     Mr. Brown took part in the selection of the individual to fill the Single Family Housing Specialist position.

18.     Tim Helmbrecht, the Program Support Director for Defendant, USDA, Rural Development, took part in the selection of the individual to fill the Single Family Housing Specialist position.

19.     Denise Toney, the Human Resource Manager for Defendant, USDA, Rural Development, took part in the selection of the individual to fill the Single Family Housing Specialist position.

20.     On January 14, 2005 a posting for the position of Single Family Housing Specialist was opened; the closing dated for the posting was February 14, 2005.

21.     On February 9, 2005, Ms. King made timely application for the position of Single Family Housing Specialist.

22.     At the time of her application, Ms. King (DOB: 2/21/52) was a member of a group protected from discrimination as she was over 40 years of age.

23.     At the time of her application, Ms King was qualified for the position of Single Family Housing Specialist, having:

        a.      in excess of seventeen (17) years of experience with Rural

3

Development Single Family Housing loan programs;

   b.    a strong working knowledge of relevant loan policies, relevant laws, and established procedures; and

   c.    an excellent working knowledge of the mortgage loan industry, including financial terms and formats.

24.    On February 9, 2006 Catherine Evans also made timely application for the position of Single Family Housing Specialist.

25.    At the time of her application, Ms. Evans (DOB: 8/14/79) was 25-years old and outside of Ms. King's protected age group.

26.    At the time of her application, Ms. Evans was far less experienced, and less qualified than Ms. King to fill the position of Single Family Housing Specialist, having:

   a.    only five (5) months of experience with the Department of Agriculture, Rural Development;

   b.    never worked directly in Rural Development Single Family Housing loan programs;

   c.    knowledge of rural credit limited to the fact that she "grew up on a farms and [has] lived in Iowa [her] entire life."

27.    Mr. Dunfee, Area Director for the USDA, Rural Development, referred to Ms. Evans as "the tall young blonde."

28.    On March 4, 2005 Mr. Brown, State Director for USDA, Rural Development selected Ms. Evans to fill the position of Single Family Housing Specialist.

29.    Based on Ms. King's experience and knowledge in this area, she has been directed to assist in training Ms. Evans in her new position as Single Family Housing

Specialist.

30.     Mr. Brown, then State Director for USDA, Rural Development has demonstrated a pattern of conduct and comments which are indicative of discriminatory animus toward older employees.

     a.     Mr. Brown made a statement referring to older employees as "has-beens" and younger employees as "new-bees."

     b     Mr. Brown made several comments about his desire to hire "younger blood" and make hiring decisions from the "younger generation."

     c.     Mr. Brown would transfer older employees to inconvenient office locations thereby lengthening their commute. When two such employees, Millie Oxley and Patty Sheets, resigned their positions, younger individuals were hired to fill their positions.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 623(a)(1)**
**AGE DISCRIMINATION**

31.     Plaintiff repleads paragraphs 1 through 30 as if fully set forth herein.

32.     Defendants discriminated against Plaintiff, Jean M. King with respect to the Defendant's failure to hire, and otherwise discriminate against her with respect to her compensation, terms, conditions, and privileges of her he employment because of Ms. King's age in violation of 29 U.S.C.§ 523(a)(1).

33.     As a proximate cause of Defendants' acts and omissions, Plaintiff, Ms. King has in the past and will in the future suffer damages, including but not limited to, mental

5

and emotional harm and physical manifestations thereof; humiliation; embarrassment; fear; loss of enjoyment of life, and other emoluments of employment.

34.    Defendants' actions were done with malice and with reckless indifference to Plaintiff's state and federally protected rights.


**WHEREFORE,** Plaintiff, Jean M. King, demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensates her for her injuries and damages, for punitive damages in an amount which will punish Defendants and deter others, for interest as allowed by law, for attorneys' fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of 29 U.S.C. § 623(a)(1).

### JURY DEMAND

Plaintiffs hereby demand a trial by jury with regard each and every count of the above-captioned matter.


PARRISH KRUIDENIER MOSS DUNN
BOLES GRIBBLE & COOK, L.L.P.


BY:    _/s/Charles Gribble_____

Charles Gribble       PK0001970
2910 Grand Avenue
Des Moines, Iowa 50312
(515) 284-5737
FAX: (515) 284-1704
cgribble@parrishlaw.com

***COUNSEL FOR PLAINTIFF***

ORIGINAL FILED.

Copies to:
UNITED STATES DEPARTMENT OF AGRICULTURE
Office of the Secretary
1400 Independence Ave. SW
Washington D.C. 20250
**DEFENDANT**

Jean M. King

Le Mars, Iowa  51031
**PLAINTIFF**